UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br><br>PERRY A. FELTON,<br><br>                            Defendant. | Case No. 12-CR-254-JPS<br><br>ORDER |

      Defendant Perry A. Felton ("Felton") has filed an objection (Docket #19) to Magistrate Judge Nancy Joseph's recommendation (Docket #18) that Felton's motion to suppress (Docket #10) be denied.

1.      BACKGROUND

      Felton, a convicted felon, has been indicted by a federal grand jury for illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket #1). Following indictment, Felton moved to suppress all evidence (including the charged firearm) obtained by Milwaukee police officers in connection with their encounter with him on October 20, 2012, on the theory that such evidence was "derived from unlawful search and seizure" in violation of the Fourth Amendment. (Docket #10).

      Following an evidentiary hearing on the motion to suppress (Docket #14), Magistrate Joseph issued a recommendation that Felton's suppression motion be denied (the "Recommendation"). (Docket #18). Felton objects to the Recommendation's conclusion that "the totality of the facts observed by [Milwaukee Police Officer] Burtch, was sufficient for a reasonable officer to reasonably believe that the crime of illegal possession of firearm was afoot" (Docket #18, 14) by arguing that "Officer Burtch lacked reasonable,

articulable suspicion, as required by *Terry v. Ohio*, 392 U.S. 1 (1968), to stop Mr. Felton." (Docket #19, 1).

2.   ANALYSIS

The Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

After examining the entire record before the Court and giving no deference to the Recommendation, the Court finds it appropriate to adopt the Recommendation (and therefore deny Felton's motion to suppress). The Court will briefly supplement the Recommendation's thorough and thoughtful analysis with additional comments responsive to Felton's objection.

The Recommendation determines that "several factors support a finding that reasonable suspicion existed" and cites to: (i) Felton exhibiting odd behavior upon noticing police presence (Docket #18, 11); (ii) Felton exhibiting a nervous demeanor in response to a question asked of him by Officer Burtch in a conversational tone (*Id.*); (iii) "a triangular shaped protrusion, consistent with a firearm, in Felton's pocket" which Felton "patted" when asked by Officer Burtch what it was, in turn causing "the shape of what Officer Burtch believed to be the barrel to protrude a little bit" (*Id.* at 12); and (iv) "to a lesser extent" the fact that "the stop occurred in a police district with a high volume of gun crimes and a neighborhood with lots of shots fired reported" (*Id.* at 14).

This Court concurs with the Recommendation's determination that these factors viewed together (as more particularly described in the Recommendation) provided Officer Burtch the requisite foundation for his *Terry* encounter with Felton. *See generally*, *U.S. v. Cortez*, 449 U.S. 441, 417-418

(1981) ("[T]he essence of all that has been written is that the totality of the circumstances–the whole picture–must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.").

Felton's objection asks this Court (in various ways) to view the factors cited in the Recommendation as innocuous when decontextualized from each other. (Docket #19). That approach would ignore the relevant teachings of the U.S. Supreme Court. "[E]valuation and rejection of…factors in isolation from each other does not take into account the 'totality of the circumstances,' as [U.S. Supreme Court] cases have understood that phrase." *U.S. v. Arvizu*, 534 U.S. 266, 274 (2002). As the government argues correctly, "behavior which is susceptible to an innocent explanation when isolated from its context may still give rise to reasonable suspicion when considered in light of all of the factors at play." *U.S. v. Baskin*, 401 F.3d 788, 793 (7th Cir. 2005); (Docket #20, 7).

Accordingly,

IT IS ORDERED that Magistrate Judge Nancy Joseph's Recommendation dated February 4, 2013 (Docket #18) be and the same is hereby ADOPTED; and

IT IS FURTHER ORDERED that the defendant's Motion to Suppress (Docket #10) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge